E-FILED
Friday, 23 April, 2021  08:51:05 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ISRAEL RUIZ,                              )
   Plaintiff,                             )
                                )
   vs.                                     )   Case No. 20-4267
                                )
WALLACE STOW, et.al.,
   Defendants.                            )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims 17 Defendants violated his constitutional rights at Hill Correctional Center including Dentist Wallace Strow, Dental Assistant Robin Randolph, Grievance Officer John Frost, Warden Stephanie Dorothy, Warden Designee Doe, Wexford Health Services, Administrative Review Board (ARB) Member David White, Illinois Department of Corrections (IDOC) Director John Baldwin, Executive Secretary Melisa Schulths, Grievance Officer Steve Gans, Wexford Employee Jane or John Doe, Correctional Officer Asbury, Grievance Counselor Gary Beams, Wexford

Employee Adkison Hilgendorf, Wexford Employee Shellie A, and Health Care Unit (HCU) Administrator Lois Lindorff.

Plaintiff has filed both a complaint with exhibits [1] and a memorandum in support of his complaint. [3]. The memorandum provides caselaw addressing exhaustion, stating a claim, and medical treatment. [3]. Federal Rule of Civil Procedure 8 requires all complaints include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1). The memorandum may confuse Plaintiff's claims and is unnecessary at this stage of the litigation. Therefore, the Court will only consider the claims stated in the complaint. [1].

Plaintiff says on April 11, 2017, he submitted a sick call request to see the dentist for a teeth cleaning, but his request was denied. Plaintiff claims shortly after, his teeth began to bleed when he brushed and flossed and sometimes when he ate. In addition, Plaintiff says his gums "began to swell causing (Plaintiff) severe pain and suffering, bad breath, to the point Plaintiff began to be sleep deprived due to the severe pain." (Comp, p. 3).

Plaintiff says as his condition worsened, he continued to file request slips to the dentist, and ultimately wrote grievances and letters. Nonetheless, Plaintiff says the Defendants refused to treat his condition and he was ultimately transferred to Dixon Correctional Center on February 4, 2019.

Plaintiff also admits he met with Defendant Dentist Dr. Strow on May 1, 2017 and Defendant Randolph for his "annual check-up." (Comp., p. 8). Plaintiff asked to have his teeth cleaned, and he was told the Dentist did not provided this service.

Plaintiff returned to the Health Care Unit to see Defendants Strow and Randolph on November 28, 2017 because his condition had worsened.  Plaintiff told them he was in severe pain, but the Defendant Dentist refused to even look at his gums and again said "we don't provide that service here." (Comp, p. 8).  Plaintiff also asked Defendant Randolph for assistance, but she told him they had better things to do.

Plaintiff claims throughout his stay at Hill, he submitted numerous requests to see the dentist for "plague, bleeding gums, and painful swollen gum, bad breath," but Defendant Jane or John Doe Wexford employee denied his requests informing him cleanings were not mandatory at the facility. (Comp., p. 9).  Plaintiff claims the Wexford policy of denying teeth cleaning denied him of adequate dental care in violation of his constitutional rights.

Plaintiff says he also wrote several letters directly to Defendant Warden Dorothy, but Defendant Executive Secretary Schulths would "receive, ignore, and or write plaintiff back denying any form of assistance." (Comp., p. 10).  The Warden never responded to his letters.  However, Plaintiff claims he stopped the Warden in the facility and told her about his dental problems, but the Warden took no action.  (Comp., p. 10).

Plaintiff maintains Defendant IDOC Director Baldwin "had the authority, obligation, and duty to ensure plaintiff was provided proper dental care. (Comp., p. 10).  However, the Defendant took no action despite Plaintiff's letters and grievances.

Plaintiff further alleges all participants in the grievance process including Defendants Counselor Beams; Grievance Officers Frost and Gans; the Warden; the

Unknown Warden's Designee; and ARB member David White were deliberately indifferent to his serious medical condition.  In addition, Plaintiff states HCU Administrator Lindorff knew Plaintiff had not received a cleaning, knew there was no dental hygienist at the facility, and took no action.

Plaintiff next alleges Defendant Beams, Frost, Gans, and Lindorff retaliated against him when they failed to investigate his claims and sided with their coworkers. (Comp, p. 14, 16).

Finally, Plaintiff says Defendants Wexford Employees Hilgendorf and Shellie were deliberately indifferent, but Plaintiff refers only to an exhibit which is not clearly attached to his complaint.

Before, reviewing Plaintiff's specific claims, Plaintiff admits this is not the first time he has filed a complaint addressing these allegations.  For instance, Plaintiff filed the same claims against the same 15 Defendants in the Central District of Illinois on January 9, 2019. *See Ruiz v Strow*, Case No. 19-4005.  After conducting a merit review, Plaintiff was allowed to proceed with his Eighth Amendment claims of deliberate indifference to a serious medical condition against Defendants Strow, Randolf, and Dorothy.  All other Defendants and any potential retaliation claim were dismissed. *See* August 6, 2019 Merit Review Order.  Plaintiff then filed a motion to voluntarily dismiss his case, and his case was dismissed without prejudice on December 16, 2019.

At the same time, Plaintiff filed a complaint in the Northern District of Illinois. In *Ruiz v. Francis*, Case No. 20- 50429, Plaintiff attempted to combine his allegations involving dental care at both Hill and Dixon Correctional Centers.  However, the Court

found claims involving different individuals at different facilities over different time periods could not be combined in one lawsuit.  Therefore, any claims involving Hill Correctional Center Defendants were dismiss in December of 2020. *See* December 10, 2020 Order.

Plaintiff then filed the case before the Court on December 22, 2020. [1].  There are limited differences between the two complaints filed in the Central District.  Therefore, Plaintiff has still failed to state a claim against most of the named Defendants.

The Court notes it is unclear whether Plaintiff can demonstrate an Eighth Amendment claim based on a lack of dental care.  On the one hand, Plaintiff alleges he suffered with bleeding, swollen, and painful gums and the Seventh Circuit has held that "dental care is one of the most important medical needs of inmates." *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005). "[D]ental pain accompanied by various degrees of attenuated medical harm may constitute an objectively serious medical need." *Id., citing Fields v. Gander*, 734 F.2d 1313, 1314–15 (8th Cir. 1984); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (recession or bleeding of the gums).

On the other hand, Plaintiff's claims appear to "hinge on his belief that routine dental cleanings are required for all inmates. But, while particular dental issues can constitute objectively serious medical conditions, …courts have held that the Constitution does not mandate regular preventative dental maintenance for the entire prison population." *Ruiz v. Francis*, Case No. 20-50429 in the Northern District, December 10, 2020 Order, p. 2, *citing Jones v. Strow*, No. 19-cv-4013-MMM, 2019 WL 5580945, at *3 (C.D. Ill. Oct. 29, 2019) ("[i]n reviewing the case law, however, it is clear

5

that there is no established constitutional right to routine dental care, including teeth

cleaning."). The unavailability of routine dental cleanings is not a violation of Plaintiff's

constitutional rights.

Therefore, Plaintiff may proceed only with his Eighth Amendment claim alleging

Defendants Strow and Randolph were deliberately indifferent to his serious medical

condition when they failed to provide dental care for his bleeding, swollen, and painful

gums. He may not proceed with any claim based on a denial of routine, teeth cleaning.

For instance, Plaintiff alleges Defendants Jane or John Doe Wexford Employee

and HCU Administrator Lindorff ignored his requests and informed him cleanings

were not mandatory at the facility. To the extent Plaintiff's claims are based on a failure

to schedule a teeth cleaning, he has failed to state a constitutional violation. For similar

reasons, Plaintiff has failed to articulate a claim against Wexford based on a policy of

denying routine teeth cleaning to inmates.

Plaintiff has also failed to articulate a claim against Defendants Wexford

Employees Hilgendorf and Shellie A, nor has he attached the referenced exhibit. The

Court notes these claims were all previously considered and dismissed in Plaintiff's

previous lawsuit in the Central District. *See Ruiz v. Francis,* Case No. 19-4005 in the

Central District, August 6, 2019 Merit Review Order, p. 6.

As for Plaintiff's remaining claims, a defendant is not liable for an inmate's

claims simply because they ruled against him on his grievance. *See McGee v. Adams*, 721

F.3d 474, 485 (7th Cir. 2013) (affirming dismissal of prisoner's claims against defendants

whose only involvement in the events underlying the complaint was to rule against him

on grievances); *George v. Smith,* 507 F.3d 605, 609 (7th Cir.2007) ("Ruling against a

prisoner on an administrative complaint does not cause or contribute to the

[constitutional] violation.").

Furthermore, sending letters to various other individuals which were ignored is

not sufficient to make the intended recipients liable for Plaintiff's claims.  In addition,

the fact that Plaintiff claims he complained to the Warden about a nonemergency

medical condition as the Warden walked through the prison is not enough to hold the

Warden liable for his claims.  The Seventh Circuit has "rejected the notion that

'everyone who knows about a prisoner's problems' will incur § 1983 liability." *Aguilar v.*

*Gaston-Camara*, 2017 WL 2784561, *4 (7th Cir. 2017) *quoting Burks v. Raemisch*, 555 F.3d

592, 595 (7th Cir. 2009).   To hold otherwise would allow an inmate to sue anyone he

sends a letter to or anyone he speaks to as they pass his cell.

> Bureaucracies divide tasks; no prisoner is entitled to insist that one
> employee do another's job. The division of labor is important not only to
> bureaucratic organization but also to efficient performance of tasks; people
> who stay within their roles can get more work done, more effectively, and
> cannot be hit with damages under § 1983 for not being ombudsmen.
> (Plaintiff's)s view that everyone who knows about a prisoner's problem must
> pay damages implies that he could write letters to the Governor of Wisconsin
> and 999 other public officials, demand that every one of those 1,000 officials
> drop everything he or she is doing in order to investigate a single prisoner's
> claims, and then collect damages from all 1,000 recipients if the letter-writing
> campaign does not lead to better medical care. That can't be right. *Burks*, 555
> F.3d at 595.

Therefore, the Court will dismiss Defendants Grievance Officer Frost,

7

4:20-cv-04267-JES   # 9   Page 8 of 11

Warden Dorothy, Warden Designee Doe, ARB Board Member White, IDOC Director

Baldwin, Executive Secretary Schulths, Grievance Officer Gans, and Grievance

Counselor Beams.

Finally, to state a retaliation claim, a prisoner must show that a protected activity

was "at least a motivating factor" in the action taken against him and that action would

likely deter protected activity in the future. *Mays v. Springborn*, 575 F.3d 643, 650 (7th

Cir. 2009). Plaintiff has not clearly identified the protected activity which sparked any

retaliatory behavior. The Court also notes Plaintiff has previously attached various

grievances to his complaint in *Ruiz v. Francis,* Case No. 19-4005 which demonstrate

grievance officials considered and responded to his claim. *See* Comp, [1]. p. 71, 74, 75,

81.

Plaintiff's complaint includes a laundry list of other, potential constitutional

violations, but Plaintiff has failed to provide a factual basis to support any other claims.

(Comp, p. 1).

Plaintiff may choose to file an amended complaint clarifying his allegations, but

the Court will not consider an additional complaint which simply restates the same

claims the Court has now considered and dismissed twice. *See Ruiz v. Strow*, Case No.

19-4005, August 6, 2019 Merit Review.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the

   Court finds the Plaintiff alleges his constitutional rights were violated when

   Defendants Strow and Randolph were deliberately indifferent to his dental

condition of bleeding, swollen, and painful gums from approximately May 1, 2017 through February 4, 2019 at Hill Correctional Center.  The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss all Defendants except Strow and Randolph for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 23rd day of April, 2021.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE